UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>ESKATON PROPERTIES, INC., et al.,<br><br>Defendants. | No.  2:16-CV-0102-KJM-CKD<br><br><br><br>ORDER |

On June 21, 2016, counsel for defendant Healthcomp Administrators, Robert Weeks, was ordered to show cause why he should not be sanctioned in the amount of $250.00 for failing to appear at the May 26, 2016 Status (Pretrial Scheduling) Conference.  ECF No. 14.  On July 7, 2016, Mr. Weeks responded to the court's order, explaining that he and his co-counsel were unaware of the scheduled hearing date, because service of the summons and complaint did not include the court's Standing Order or New Case Documents (ECF Nos. 3, 3-1).  ECF No. 16 at 1–2.  Mr. Weeks stated that he "recognize[s] [his] error in not checking the Court's calendar to see if any hearing dates were scheduled, and recognize[s] that it was incumbent upon [himself] to do so."  ECF No. 16 at 2.  His failure to check for hearing dates is puzzling to say the least, in light of the fact that he filed a Case Management Statement with the Eskaton defendants in preparation for the Status Conference.  *See* ECF No. 10.

/////

1  At the same time, while the court expects counsel to review the docket of cases in
2  which they appear, given Mr. Weeks' representation that he previously had not seen the court's
3  Standing Order or New Case Documents, the court DISCHARGES the order to show cause.
4  Rather than issue further such orders to plaintiff's counsel, with the potential for going down a
5  rabbit hole of side litigation, the court deems the record before it a net wash.  All counsel are
6  cautioned that failure to appear when required, or failure to comply with all applicable rules and
7  procedures and orders of this court, will not be treated with such magnanimity in the future.
8  IT IS SO ORDERED.
9  DATED:  July 8, 2016.

UNITED STATES DISTRICT JUDGE